Case number 235989, United States of America v. Melvin Woodall, oral argument not to exceed 15 minutes per side. Ms. West for the appellate. Good morning, Your Honors. May it please the Court, my name is Priscilla West and I represent Melvin Woodall in the matter. What we would argue, Your Honor, is that the District Court erred in denying Mr. Woodall's motion to suppress for three reasons. First, that the search was illegal because of warrant lack, sufficient information to establish a fair probability that evidence of drug dealing was present at the Odom address. Two, that Mr. Woodall's statement was induced by the initial illegality and therefore there was insufficient attenuation to dissipate the taint. And then the good faith exception from Leon is inapplicable here because no reasonably well-trained officer would have relied on the warrant knowing what was drafted as a probable cause nexus. Now we would argue that in order to search a person's home, that first the government must establish that there is probable cause that exists. In our case, the nexus between the criminal activity and the home was not established. We would argue that Judge Parker, in determining that probable cause existed, erred because in the instances or the facts that were presented to the Court, the information was that the drug transactions occurred at specific locations, not listing the Odom address. The Court has been clear, or not so clear, but there's a struggle that exists as to what needs to occur. But there are two competing principles. Under the first, the probable cause to arrest a suspect for a crime does not necessarily create probable cause to search a suspect's home. What do we do with the affidavit that says the confidential informant said fentanyl was being stored at that particular residence and that he had purchased fentanyl from him? How does that impact both the probable cause analysis as well as the good faith analysis? Well, Your Honor, we would argue that the affidavit that was presented to the magistrate was not complete, and that that affidavit, given that the officer who presented the affidavit was also the officer who served the affidavit, had all the information necessary. And therefore, providing the term specific location, when two lines down, providing the Odom address, could have laid out. So that's why our argument is that this is a bare bones affidavit that was not sufficient for any officer to reasonably apply the good faith exception. Normally when you have a good, or not normally, but when you imply that the good faith exception applies, then the issue is whether or not generally there's an officer that presents the information for the affidavit and then maybe a team that executes. Here, that is not what occurred. The officer who presented the affidavit also served the warrant, so he had all necessary information to provide. And by not providing that information, he knew that there was not a nexus that existed between the location of Odom as well as the criminal activity. Your Honor, I agree our cases are a little bit all over the map. But don't our cases say, first, Illinois Begate says if they corroborate the evidence of the informant, that's enough, right? So the informant says he's dealing drugs, they corroborate that, he comes and goes from the home. Our cases say, some of our cases like U.S.B. Williams says drug dealers often store evidence at the home. In other cases, U.S.B. Reed says when they are leaving and coming to the home, please observe it. We see them dealing drugs. He's carrying the backpack here. All that's in the affidavit. Why doesn't that qualify as a modicum for good faith? Well, Your Honor, we would argue that in Reed, the suspects there was ongoing at the time that the drug dealing there was ongoing. In Reed, they were consistently dealing drugs at that location. But in our case, the specific location as identified was not labeled. But also, even when they observed from the affidavit, when they observed Mr. Woodall, they observed him leaving the house, going to the tree, going to the pond, then leaving the house, and then going to a specific location to have a drug transaction with the confidential informant. We would argue that there was more information that the actual affidavit could have put in the affidavit to give the registry more information. I think that's fair. But isn't there always more they could put in? You could write a 20-page affidavit, and the question is, in looking at it, does it have a modicum of evidence, is the quote the Supreme Court used, such that a reasonable officer looking at it could conclude there's drugs at the home, or not even drugs, but evidence of the crime? Well— Right? So it can be ledgers. It can be scales. It can be whatever. Assume—and I'm making this up. I'm going to concede it's hypothetical. He goes and gets the drugs, he brings them back, which is what the affidavit says, and then he measures them, puts them in baggies, right? He's not going to do that by the pond. And then he takes them out and deals them in that same backpack. Why couldn't an officer looking at this, especially with what they say about their experience, make that conclusion? Well, from what the officer observed, he observed him going to the pond and leaving. So I believe the affidavit indicated that he exited the residence at Odom, went to the pond, and then left the actual residence. It says returning from the pond. Yes, but returning from the pond, he then—there's no indication that he reentered the actual residence. Or that he— Are you saying nothing was stated about what he did at the pond or what occurred there? Yes, sir. Is the problem here, at least from your point of view, that the confidential informant did not observe any drug transactions in the residence or didn't observe any evidence of drug transactions in the residence? I don't think the affidavit even says the confidential informant was ever in the residence. So your argument then would be that even from a good faith standpoint, no officer would believe that sufficient cause was stated to search the residence based on the knowledge or observations of the confidential informant because he didn't indicate any knowledge in the affidavit as to what transpired or was transpiring at the residence with regard to any illegal activity. So presumably any officer looking at the affidavit could see that, any reasonably trained officer or competently trained officer. Is that your argument, or at least part of it? Yes, sir. It would be definitely our argument that the alleged confidential informant could not provide any indicia of what occurred in the house or any description of the house. Doesn't the affidavit say that the informant said it was stored and sold out of the house and that they verified that, they verified details, which under Illinois v. Gates, doesn't the Supreme Court specifically say that's enough? Like you don't have to verify every detail, but if you get enough to show the informant's confidential, you can rely on them? And that's for probable cause even, not just good faith. So why isn't that sufficient? Well, Your Honor, although Gates would say that, it would also imply that the confidential informant or given the officer's experience, that he would have more information from the confidential informant as to where the, there was no information as to where the drugs were exactly stored in the house or where they were being manufactured or... There's that whole line of confidential informant cases out of the Supreme Court that says they just have to verify some, not all, details to rely on the informant. This is a previous, they say he's a previous informant. It's helped them with numerous purchases of fentanyl. He said it was stored and sold there. They corroborated that Woodall came and left from there, which would be one fact that would probably be sufficient alone. They corroborated the drug transactions. They observed him going and coming with the backpack and going and doing drug sales with the backpack. Well, Your Honor, we would argue that looking at actually Jones, that the observation of actual drug dealing at that location would have been more persuasive. But also, Your Honor, that the information that was not in the affidavit is something that the officer should have been aware of and therefore could have provided more information given that he provided that information to the magistrate and then also executed the search warrant. So he was the person who had all the facts, but he could have had more facts or been more observant. And in this situation, although the confidential informant, having used before, we would argue that there would be more information that the officers would have been able to procure from the confidential informant to kind of put more than what was put into the affidavit. Well, the officer or the confidential informant can't just say that there was illegal activity going on there and that's the basis for the search warrant. He has to state the basis of knowledge for the statement that there was illegal activity. And I'm, search as I might, I can't find any statement of the basis of knowledge for his assertion that there was illegal activity going on in there. Is there anywhere in the affidavit that any basis for the statement is set forth? I couldn't find it. Is there anything like that in there? No, sir. We would present that there is not. If you don't mind, my time has expired, if I may answer. Yes, please. No, Your Honor, we would argue that in agreement with your position that there was no indication other than the generality of drugs being stored and sold out of that location. There were no specific details or information about that location provided. All right. Thank you. You'll have your rebuttal time. Yes, Your Honor. I'm sorry, I have five minutes reserved for rebuttal. Excuse me? I have five minutes reserved for rebuttal. You'll have that. Oh, yes, I'm sorry. Thank you. Okay. Good morning. Good morning. May it please the Court, Michelle Kimball Parks on behalf of the United States asking this Court to affirm the conviction of the defendant, Melvin Woodall, below. It's the government's position that the officers properly entered the residence pursuant to a valid search warrant, that there was sufficient probable cause, and even if the affidavit did not meet the probable cause standard, the affidavit was far from a bare bones affidavit suggested by the defense. The detectives believed the warrant to be valid, and a Leon good faith exception to the exclusionary rule would apply. Well, what about the problem that no confidential informant or anybody else observed any drugs or illegal activity in the residence or even stated that they had been inside the residence to observe anything? How does the government get around that problem? Well, first of all, Your Honor, I would ask the Court to consider the information that's contained in the affidavit and not what's in the affidavit, and I think that's what the courts tell us to do. I'm asking about what's not in the affidavit. I know what's in there, and there's really virtually nothing about illegal activity observed or a basis of knowledge of activity going on in the residence itself. I would disagree, Your Honor. First of all, considering the totality of the circumstances, which is what I think the case law suggests that we do, with regards to this confidential informant, I would submit to the Court there's no dispute as to the reliability of this particular confidential informant. The defense does not suggest that, and the affidavit provides for that. With regards to the confidential informant. Whether he's reliable or not, he's got to have some information that's going to be pertinent or relevant regarding the status of that residence as being used for drug dealing, other than the fact that an alleged drug dealer came and went from the residence. Does it state in there, in the affidavit, that the law enforcement took steps to verify that the defendant actually lived and resided at the residence? Did they take any steps to verify that? If I could address initially with regards to the basis of knowledge. The confidential informant, which I would submit to the Court, has not been disputed as being reliable. providing information about a location, about an individual who lived there. Officers did corroborate that individual. There's lines of cases with... You're going kind of fast. What did the... I'm trying to address my... What was done to verify that the man lived there? Well, I would submit to the Court that I think there can be some... It's not explicit, but I think inferences can be made, and even if this Court were not to find that there was substantial proof as to residency, they can rely on the activity that was occurring at that location. I would submit that it can be... What activity are you talking about, other than the fact that he came and went from there, was observed going there and leaving from there? And again, Your Honor, I would submit that the Court cannot engage in this line-by-line scrutiny, but looking at the totality, the information provided by the informant, as well as the corroboration that was... What information are you talking about, though? I mean, that's a pretty conclusory statement. It would help us to know what information you're referring to. Well, Your Honor has referenced the first line of this particular... I'm sorry, the second line of paragraph 3. The reliable confidential informant has... Well, let me start before that. The reliable confidential informant provided your client with information that fentanyl was being stored and sold out of 2247 Oldville Drive. One, there's a... Your Honor, I'm trying to get there. You just can't say a citizen is dealing drugs and then you can go search the place and there's no information as to how you arrived at the assertion that the citizen is dealing drugs out of that place. I would agree. If that were the only thing contained in this affidavit, that would be problematic. But that's not the only thing. If the court would just give me an opportunity... But you won't let me respond, Judge Clay. Wait, wait, wait. You have to indulge me because I'm the one who gets to ask the questions. You're not telling me... You keep referring to information, but you're not specifically saying what the information is. Can I respond, Your Honor? Yes, ma'am. Okay. So the... One, Your Honor, I think the problem, and I knew this was going to be a discussion between you and yourself, Your Honor, because I saw the court's ruling in the Sanders case, and I think we all went aghast at the ruling in that particular case. But I think you cannot look at one line of this affidavit and suggest that there's not probable cause. I think you have to look at the totality of the circumstances. That is but one factor. There are cases where there are confidential informants that are determined to be reliable. This is one of those cases. There are cases where there are anonymous tips. This is not that type of case. This is where you have an informant that is known to the officers and knows the significance of providing information, information which has proven to be reliable in the past. That is but one factor, Your Honor. And I think the court can consider the fact that this informant did tell these officers that being stored and sold from this location is fentanyl. If that were all that were in this affidavit, that would be problematic. It's not. So the officers attempted to corroborate that information. And I think the magistrate, who gets great deference in determining that there was PC, found that. But I think you can make reasonable inferences from the information provided. Why did the officers go to 2247 to attempt to corroborate this information? Because a reliable confidential informant had provided them information. And when they went to that location, they observed the defendant, who was described by this confidential informant, with a backpack. And I think it was Miller when you're carrying a bag from a location. But you have to look at the training and experience of the officer himself. And so the officer sees this individual, the defendant, leaving this residence on multiple occasions and meeting with the individual for short periods of time based on their training and experience, which is consistent with drug trafficking. So what was the defendant bringing from this residence to meet with these individuals on a short amount of time? And not only that, but they also provide information about him going to the adjacent property. And that's significant to the officers, because again, he's in possession of this backpack. And according to the officer's training and experience, individuals typically store narcotics from property outside the residence. So I think when you look at that in a totality situation, I think the magistrate got it right. I think the district court got it right. That there is probable cause to believe that the defendant was in fact selling and storing narcotics at this residence, which was substantially supported by what was recovered during the search of this particular residence. But I wanted to start this with a quote from Leon. Reasonable minds frequently may differ on the question whether a particular affidavit establishes probable cause. And I think that's where we are, Your Honor. We're in a position now where we are all disputing as to what is sufficient probable cause. And we're looking to the courts for a determination of that. Quick question. Are you relying on a sort of large, ongoing drug operation for the probable cause analysis? Or just there's a connection based on affidavit, confidential form, and nexus to drug dealing at the particular location? So I think the government's relying upon recent relevant evidence of drug trafficking taking place at this location. The evidence seems to all surround, within five days of the execution of this warrant, they receive information from a confidential informant. An informant makes a buy from the defendant. Officers conduct surveillance at that location, seeing this activity. So I would submit to the court that the government's relying on recent, relevant, reliable information about drug trafficking taking place at this location. You know, large scale, I mean, I think that kind of depends on the narcotic that's involved. We're talking about fentanyl. And according to the defendant's statement, he's selling one-tenth a gram of fentanyl at a time. I believe during the execution of the warrant, we recovered approximately 30 grams. So what is a large scale? As it relates to the probable cause determination, right? Correct, correct. But I guess if I'm trying to define for the court what constitutes large scales, I think it factors into the type of narcotic that's involved. So as I understand the case law from the Supreme Court, let's skip ours for a second. You have to have, and I'm quoting the Supreme Court, some modicum of evidence, however slight, tying the person to the location to be searched. Right? That's what you have to have. Some modicum tying them to the place to be searched. So it seems to me you have the informant telling him that's where he deals drugs. You have him leaving from the place, going back to the place, wearing a backpack, leaving the place, and using the backpack to deal drugs, which I think is undisputed. You can make an argument, as you do in your brief, that's enough for probable cause, but is your argument that's more than a modicum and all you need is a modicum? Is that how I'm understanding your argument? If the court were to find that there was not sufficient probable cause and were relying on the good faith, I would submit that there is a modicum. But I think my understanding with regards to the nexus, the minimally sufficient nexus, in order to apply the good faith exception, it's not the person, it's the activity. And so a minimally sufficient nexus between the place to be searched and the contraband or evidence of a crime that is to be found when there is some connection, regardless of how remote, and some modicum of evidence, however slight, between the criminal activity at issue and the place to be searched, I would submit to the court that's exactly what we have here, that there is sufficient evidence to the activity that is occurring at that particular location. These probable cause issues are obviously difficult to ascertain, but I think there is some credence to the fact that, one, I would submit that probable cause is a fairly low bar, that probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place. Probable cause requires only a probability or substantial change of criminal activity, not an actual showing of such activity. I would submit that we do, in fact, have that here. But there is a reason why there is deference that are given to the magistrates. I know this is Judicial Commissioner Rhonda Harris. Considering the evidence that was in this particular affidavit, she did, in fact, find that there was sufficient probable cause. The defendant is asserting that there is no hint that Mr. Woodall's drug dealing had any connection to the target location. I would submit to the contrary. Looking at the evidence and the like, most likely to support the district court's decision, the affidavit was sufficient to establish probable cause. Again, I would just ask the court, as the case law suggests, that the affidavit should be judged based on what is included and not what was omitted. Had I had an opportunity to draft this affidavit, or even when I asked officers questions with regards to probable cause, yes, I probably would have included additional information, but that's not what the case law suggests. The case law suggests that the reviewing court should review the sufficiency of the affidavit in a common sense rather than a hyper-technical manner, and based on the totality of the circumstances standard rather than a line-by-line scrutiny. I don't think you can eliminate the information that was provided by the confidential informant that was found to be reliable. I don't think you can eliminate the fact that this officer had several years, 10 plus years of experience in investigating narcotics trafficking, and he observed what he believed to be drug trafficking. I don't think you can eliminate the fact that not only did the confidential informant purchase from the defendant, and I don't think there's any dispute in the fact that the defendant was in fact a drug trafficker because of the fact that he had sold to the confidential informant one on his own and then one under the supervision of a law informant. Individual pieces of evidence contained in the search warrant affidavit need not stand on their own, but must establish together the fair probability required for probable cause. Further affidavits are not required to use magic words, and a reviewing court's job is not to re-weigh the assertions in the affidavit, but to ask whether the magistrate had a substantial basis for his or her conclusion. And I would submit to the court that based on the information that is contained in the four corners of this affidavit, that we have to answer that in the affirmative. The magistrate had a substantial basis for her conclusion that there was sufficient probable cause. And of course in the alternative, the government would submit that even if the court were to find that there was not sufficient probable cause, the affidavit did contain enough. It's not the bare bones affidavit that we would typically see like in Nathanson or Aguilar v. Texas, and the officers reasonably believed it was a valid warrant. I don't know that there is a distinction that the officer was an affiant or a fiant, and that he was the one that executed the warrant that the defense suggests. I would submit that there is this minimally sufficient nexus between the illegal activity and the place to be searched. And I would just, I know I'm running out of time. This is not a case I would submit in which the bare bones would apply. An exclusionary rule is to deter unlawful police conduct, not under these circumstances when there is evidence that the officer had any knowledge or reason to believe that the search was unconstitutional. I mean you had a magistrate and a district court judge finding that this was a probable cause search warrant, so why would it not be reasonable for this officer to rely on their decision? So I would submit that if the court finds no probable cause, that at least find that the officers acted in good faith, because we should encourage officers to get search warrants and make these determinations because they're not legal scholars, and we're having difficulty as attorneys determining what is PC, and they should rely on their determination of a neutral detached magistrate. So for these reasons, I would ask the court to affirm the district court finding. Thank you very much. Anyone at the bottom? Yes, Your Honor. I think if I wanted to start anywhere, I want to start where the government has asserted the experience and background of the officer. Given that the officer had 10 plus years of experience, it would seem that we're not dealing with a novice officer or someone who didn't know what was needed to be included in a search warrant or who is not aware of what is necessary to give the court good information. We have an experienced officer here, but going to the case law, even in Leon, if we look at the bare bones nature of this affidavit, we would argue that looking at the four corners of the affidavit, it was insufficient for the officers to believe that there was probable cause to go to Odom and do a search of that address. Now, the information that counsel would have you believe is that, wow, the officers, we believe that the affidavit was, well, in this situation, the third component of Leon, or there were three components laid out in Leon, and the third component is applicable here. I'm going to take a breath and slow down. But the third application being when the affidavit is so lacking of indicia of probable cause that a belief in its existence is objectively unreasonable, and we believe that that is relevant here because we believe that the affidavit was just bare bones, and essentially the affiant asserted that probable cause exists. Given his experience, the officer should have been able to provide something more than the term specific location. He also should have been able to give, given that two lines later he laid out the complete address of the location that he wanted to observe, there was nothing wrong with saying, and I observed this going on at this address, or the confidential informant participated, which we make, we raise in our briefs, but that they observed the confidential informant participating in a drug transaction at that location in that house, and that information is not in the affidavit. So when you review the information that has been presented or that was presented to the judicial officer, there was more information that could have been provided to give them more, especially, and I think counsel would like us to make light of the fact that the individual had no, that Mr. Woodall had no connection or had connection to that location, but even when the officers read his driver's license as they showed the confidential informant a photo of his driver's license, it was not that he had previous arrests associated with that address or that his driver's license gave that address as one in which he lived out of or had been previously arrested out of when they ran his information. That being said, we would also assert that whether an objectively reasonable officer would have recognized that an affidavit was so lacking in the indicia of probable cause as to preclude good faith reliance on the warrant's issuance can be measured only by what is in the affidavit. And the officer, I think it is relevant that the officer who presented the affidavit executed the search warrant, but also that the information was lacking. What if it was a different officer that actually executed the search based on this search warrant? How does the analysis change? I think it would be substantially different because that officer who executed the search warrant wouldn't have had the presence or the meeting with the judicial officer to provide information. Given that Officer Baker and his experience in... So you're saying if another officer executed this search warrant, then this isn't a bare bones search warrant in that instance, or this search warrant establishes a minimally sufficient nexus in that instance? No. I'm not saying that it would then exceed the bare bones position that I have placed. But what I am saying, though, is that you could give more deference to the officer because of his lack of knowledge. Is this an objective standard, not a subjective one? Yes, Your Honor. So why does it matter? And doesn't the Shepard case out of the Supreme Court create an independent set of problems for you because Shepard says, if you actually have officers that know more, we can consider that in the good faith analysis? This is a companion case to Leon. It would present a problem, but I don't think we still... I don't think the government can surmount the issue that occurs with the bare bones-ness of the actual affidavit given that they had the ability to include all necessary information and did not. So I don't think that it may pose... We could glance at it, but I think distinguishable in this case is the fact that the information that was provided was one provided by the officer who observed or who allegedly observed what went on and didn't provide that information to the judicial officer. Thank you. That's out of time, so the case will be submitted.